# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CONNIE FARLEY,**

    **Plaintiff,**

vs.                                                No. CIV 06-0282 RB/ACT

**WAL-MART STORES EAST, LP,**
**and JOHN DOES 1-10,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's ("Farley's") Motion to File First Amended Complaint (Doc. 25), filed on July 18, 2006, and Farley's Motion to Supplement Plaintiff's Motion to File First Amended Complaint (Doc. 29), filed on July 26, 2006. Having reviewed the submissions of the parties, and being otherwise fully advised, I find that the motions should be granted and the case should be remanded.

**I. Background.**

On February 23, 2006, Farley filed a Complaint for Damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Farley alleged that she was standing at the entrance of an Albuquerque Sam's Club and searching for her membership card when one or more Defendants John Doe 1-10 employees negligently struck her with a row of shopping carts thereby causing her injuries. Farley asserted that Defendants John Doe 1-10 were liable for negligence and that Defendant Wal-Mart ("Wal-Mart") was liable for the negligence of Defendants John Doe 1-10 under the doctrine of respondeat superior. Farley seeks compensatory and punitive damages, interest, and costs.

On April 7, 2006, Wal-Mart removed the case to this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Farley is a citizen and resident of New Mexico. Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. The citizenship of Defendants John Doe 1-10 was disregarded pursuant to 28 U.S.C. § 1441(a). The facts established that the amount in controversy exceeds $75,000.

After Farley learned the identity of Defendants John Doe 1-10 through discovery, she moved to amend the complaint in order to identify Defendants John Doe 1-10 as Richard Pohl, Derrick Macias, and Jake Hernandez. She filed her supplemental motion to identify Michael Painter as another John Doe. Pohl, Macias, Hernandez, and Painter are citizens and residents of New Mexico. Wal-Mart opposes amendment to identify the John Doe Defendants on the grounds that amendment would be futile and would destroy diversity.

**II.     Standard.**

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. Fed. R. Civ. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). A removing party has the burden of

demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir.2003).

**III. Discussion.**

**A. Amendment is not futile.**

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir.2001). Direct negligence claims against the individual employees were included in the Complaint, but at the time of filing Farley did not know their identities. Farley recently discovered the names of the employees who were on cart-pushing duty on the day of the incident. The allegations of direct negligence state a claim against the individual employees who allegedly participated in the incident that caused the injury. *See Spencer v. Health Force, Inc.*, 137 N.M. 64, 70, 107 P.3d 504, 510 (2005).

Wal-Mart argues that the named employees were not working on the day in question. Counsel agreed in letters that Farley's interrogatory regarding the identity of the employees would be limited to employees who were working on the day in question and whose job responsibilities included pushing carts on the day of the incident. (Reply. Br. at 5, Exs. B and C.) Based on correspondence between, Wal-Mart provided a supplemental list of employees who met these criteria. (*Id.*) Counsel Farley relied on this information in drafting the amended complaint. (*Id.*) Farley is entitled to reply on Wal-Mart's answers to her discovery requests. The proposed amendment is not subject to dismissal under state law. Accordingly, amendment to identify the John Doe Defendants is not futile.

**B. Amendment is granted and the case remanded.**

At the time of removal, the citizenship of Defendants John Doe 1-10 was properly disregarded

3

pursuant to 28 U.S.C. § 1441(a). *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir.2006). However, § 1441(a) applies only to fictitious defendants, not to subsequently named parties identifying one of those fictitious defendants. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir.2001). Federal diversity jurisdiction is defeated when fictitious defendants are replaced with non-diverse, named defendants after removal. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir.1994). In that Farley, Pohl, Macias, Hernandez, and Painter are all citizens of New Mexico, complete diversity no longer exists if they are named as defendants.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.§ 1447(e). When faced with an amended pleading naming a non-diverse defendant in a removed case, the court should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987); *see also Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir.1991) (affirming district court's dismissal of state claims for lack of jurisdiction over non-diverse defendants added after removal, citing *Hensgens* with approval). The decision of whether or not to permit joinder of a defendant is committed to the sound discretion of the court. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir.1999).

In exercising this discretion, the court should consider all relevant factors, including: (1) the extent that the amendment is intended to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. The

court should then balance the equities and decide whether amendment should be permitted. *Id.*

Wal-Mart argues that the amendment is aimed at defeating federal jurisdiction because Farley's counsel so stated at the initial scheduling conference before Magistrate Judge Torgerson. Farley's counsel disputes this characterization of the discussion. The Court declines to involve itself in a dispute over what was said during the scheduling conference. In any event, whatever counsel may have said at the conference is irrelevant because the *Hensgens* factors weigh heavily in favor of amendment.

Farley included allegations of direct negligence against John Doe Defendants in her original Complaint, which described these individuals as employees of a Sam's Club located in Albuquerque, New Mexico. Thus, Wal-Mart was on notice that Farley intended to name non-diverse defendants before the case was removed. Within two weeks of discovering the identities of the John Doe Defendants, Farley moved to amend her complaint to name the individual employees. If amendment is not allowed, Farley may have difficulties preparing her case and prosecuting her claims for punitive damages. In light of all relevant factors, the equities indicate that Farley should be permitted to amend her complaint to identify the John Doe Defendants as Farley, Pohl, Macias, Hernandez, and Painter.

In that the amended complaint named non-diverse parties, subject matter jurisdiction has been destroyed and the case should be remanded to state court pursuant to 28 U.S.C. § 1447(e).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to File First Amended Complaint (Doc. 25), filed on July 18, 2006, and Motion to Supplement Motion to File First Amended Complaint (Doc. 29), are **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE SECOND JUDICIAL DISTRICT, COUNTY OF BERNALILLO, STATE OF NEW MEXICO.**

*[signature: Robert Brack]*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**